JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 14-00729-RGK (Ex) | Date | July 3, 2014 |
|---|---|---|---|
| Title | *MARIUS ROMERO FOUODJI SONGWA v. ERIC HOLDER* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Dismissing Case**

On May 9, 2014, Marcus Romero Fouodji Songwa ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In his petition, Petitioner requested a stay of his May 9, 2014 removal, pending adjudication of the petition. In its May 14, 2014 Order (DE 6), the Court denied Petitioner's request, and ordered both Petitioner and Respondent to show cause in writing no later than May 27, 2014 why this matter should or should not be dismissed in its entirety for lack of jurisdiction.

On May 27, 2014, Respondent filed its Response. To date, Petitioner has not filed any response to the Court's OSC.

In its Response, Respondent argues that pursuant to the REAL ID Act, the Court lacks jurisdiction to adjudicate any challenge to the validity of Petitioner's removal order. Respondent also argues that, to the extent Petitioner challenges the immigration judge's bond order, the challenge is based on whether the amount ordered is reasonable, as opposed its constitutionality or legality. Respondent states that as an initial matter, Petitioner must first appeal a decision of an immigration judge to the Board of Immigration Appeals before pursuing it in district court. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Petitioner fails to allege that he made an administrative appeal. Nor does it appear that he has made such an appeal. Second, Respondent states that a district court only has jurisdiction to review an immigration judge's bond determination for constitutional or legal error. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008). Because Petitioner does not base his challenge on constitutionality or legal error, the district court has no jurisdiction.

Upon review of the applicable law, the Court finds Respondent's arguments persuasive, particularly in light of Petitioner's failure to respond. Therefore, the Court hereby **dismisses** the Petition in its entirety for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

_____ : _____

Initials of Preparer        _____